**STEVEN AMES BROWN**
Entertainment Law 83363
69 Grand View Avenue
San Francisco, California 94114-2741
415/647-7700 Tele
415/285-3048 Fax
sabrown@entertainmentlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DION DiMUCCI,

       Plaintiff,

  vs.

SONY INTERACTIVE
ENTERTAINMENT, LLC,
MICROSOFT CORPORATION,
AMAZON SERVICES, LLC.

      Defendants.      /
_____/

COMPLAINT;
DEMAND FOR JURY

COMPLAINT

1.   Plaintiff Dion DiMucci is a citizen of Florida.  Defendant Sony Interactive Entertainment, LLC ("Sony") is a California limited liability company.  Plaintiff is informed and believes that Sony has one manager/member, a citizen of the State of New York.  Defendant Microsoft Corporation ("Microsoft") is a citizen of the State of Washington.  Defendant Amazon Services, LLC ("Amazon") is a Nevada limited liability company.  Plaintiff is informed and believes that Amazon has one manager/member, a citizen of the State of Washington.  The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

2.   Defendants are subject to specific jurisdiction in California because they purposefully directed activities and consummated some transaction with the state and residents hereof and performed an act by which they purposefully availed themselves of the privilege of conducting activities in this forum and the claim arises out of those activities.

3.   Intradistrict Assignment.  This action is properly filed in this division because a substantial part of the events or omissions which give rise to the claim occurred in San Francisco and the intangible property rights at-issue are managed in San Francisco County.

4.   Sony is the manufacturer of the videogame platform known as PlayStation.  Microsoft is the manufacturer of the videogame platform known as Xbox.  In the course of marketing their hardware platforms to consumers both Sony and Microsoft entered into cooperative marketing agreements with ZeniMax Media, Inc. ("ZeniMax").  Pursuant to those marketing agreements, ZeniMax produced audiovisual advertising messages for their videogames, which Sony and Microsoft exploited on the Internet for the purpose of enticing consumers to

purchase their videogame platforms.

5.   Amazon has entered into agreements with Sony and Microsoft to sell their videogame platform hardware to consumers.  Amazon has also entered into an agreement with ZeniMax to sell its videogames to consumers in PlayStation and Xbox formats.  Pursuant to its marketing agreement ZeniMax produced audiovisual advertising messages for its videogames which Amazon has exploited on the Internet for the purpose of enticing consumers to purchase the games in PlayStation and Xbox formats.

6.   Plaintiff is singer and songwriter who has performed under the name Dion and sometimes as part of the group Dion & The Belmonts.  Twenty-one of Dion's recordings have appeared on the *Billboard Top 40* charts, including *Lonely Tenager, Rounaround Sue, Ruby Baby, A Teenager in Love, Donna the Prima Donna, Drip Drop* and *"Abraham, Martin and John"*.  This action involves his recording of *The Wanderer*, an iconic song of teenage angst which reached number 2 on the *Top 40* chart.

7.   Dion authored the sound recording *The Wanderer* for Laurie Records in 1961.  At all times hereinbelow mentioned Universal Music Enterprises, a division of UMG Recordings, Inc. ("UMG") has been the successor to Laurie Records and the owner of the common law copyright in Dion's recording of *The Wanderer,* Civil Code § 980(a)(2)*.*  UMG's principal place of business is in California.

8.   In or about 2015 ZeniMax entered into a written agreement with UMG licensing *The Wanderer* for use in connection with the advertising of the videogame *Fallout 4* ("*UMG License*").  The license contained a California choice of law provision.  "The validity, construction and effect of this agreement, and any and all modifications thereof, shall be governed by the laws of the State of California applicable to contracts entered into and performed entirely within the

State of California."

9.  ZeniMax hired Gnet Agency to produce advertising messages for its videogame *Fallout 4*.  Gnet Agency is a citizen of California.  The *Fallout 4* advertising messages all embody Plaintiff's recording, *The Wanderer*.

10.  On behalf of ZeniMax, Gnet Agency provided copies of the *Fallout 4* advertising messages to Sony, Microsoft and Amazon in California.

11.  Sony and Microsoft altered the advertising messages by adding their PlayStation and Xbox trademarks and additional audiovisual footage advertising their platforms.  They both uploaded their versions of the *Fallout 4* advertising messages to their Youtube subscription channels.  At all times herein mentioned, the Youtube terms of service stated that California's internal substantive law (without regard to the law of conflicts) shall apply and that all disputes "shall be decided exclusively by a court of competent jurisdiction located in Santa Clara County, California."

12.  Amazon uploaded the *Fallout 4* advertising messages to its online store where it can be selected by consumers in California and viewed on the same page as "radio buttons" which permit consumers to purchase the *Fallout 4* videogame in PlayStation or Xbox formats.

13.  The use of *The Wanderer* in the *Fallout 4* advertising messages was authorized by the *UMG License* on the Internet through October 18, 2016.  No claims are made hereunder for any exploitation during the term of the *UMG License*.

FIRST CLAIM

[COMMON LAW RIGHT OF PUBLICITY]

[All Defendants]

14.  Plaintiff incorporates paragraphs 1 through 13 from above.

15. The authorization for Defendants to embody Plaintiff's vocal performance as embodied in *The Wanderer* expired on October 18, 2016. All exploitation of Plaintiff's voice commencing on October 19, 2016 has been without the authorization of Plaintiff or UMG.

16. Notwithstanding the expiration of the *UMG License* Defendants have continued from October 19, 2016 onward to publicly exploit Plaintiff's voice for the purpose of advertising and selling the *Fallout 4* videogames and the PlayStation and Xbox platforms, using his identity, appropriating it for their commercial advantage, without consent, which has financially damaged him by the loss of the value of the use of his identity they appropriated and the profits they earned therefrom, thereby infringing on his common law right of publicity.

17. Defendants have been guilty of malice toward Plaintiff in that, *inter-alia*, they have engaged in conduct intended to harm and/or which was despicable borne of a willful or conscious disregard for his rights, thereby entitling him to an award of exemplary damages.

18. ZeniMax was informed when it first distributed the *Fallout 4* advertising messages to Defendants that he had a moral objection to being associated with a videogame rated as containing "blood and gore, intense violence, strong language, use of drugs.  [ ] Battles are frenetic with realistic gunfire, explosions, and large blood-splatter effects; some attacks result in slow-motion dismemberment and decapitations.  A handful of scenes depict chunks of flesh as well as severed heads and dismembered corpses.  During the course of the game, players can consume a variety of fictional drugs (e.g., Buffout, Jet, Psycho) through the use of a menu; repeated use of these drugs leads to an addiction status and various negative effects for characters."

19.  In July 2017 Plaintiff sued ZeniMax, *inter-alia*, informing them that the *Fallout 4* advertising messages were still on the Internet, advising them that with simply keyword searches in public search engines they could locate where the advertisements were still online and demanding that as the owner of the copyright in the advertisements issue "takedown" notices so they were removed from public access.

20.  Plaintiff's *Complaint* against ZeniMax was personally reviewed by its Deputy General Counsel, Marcia Mitnick.  While ZeniMax claims it removed the unauthorized advertisements from its Internet uses in July 2017 under Mitnick's direct instructions, they have not been removed by Defendants.  Given that ZeniMax supplied the advertising messages to Defendants and authorized them to exploit them and were likely obliged to indemnify Defendants against any third-party claims, Mitnick must have informed Defendants that they had no right to utilize Plaintiff's voice in advertising messages for *Fallout 4.*  Defendants continued exploitation of Plaintiff's voice to sell a videogame he finds morally objectionable after being put on actual notice of his objections constitutes conduct intended to harm Plaintiff and which is despicable borne of a willful or conscious disregard for his rights, thereby entitling him to an award of exemplary damages.

21.  As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed in a sum in excess of $75,000.00 by each Defendant.  Defendants' continued exploitation of Plaintiff's voice to sell morally objectionable goods is an irreparable injury, justifying preliminary and permanent injunctive relief.

SECOND CLAIM

COMMON LAW COPYRIGHT

[ALL DEFENDANTS]

22.  Plaintiff incorporates paragraphs 1 through 21 herein.

23.   Plaintiff authored *The Wanderer* and transferred the common law copyright thereto to Laurie Records in exchange for royalties based on the exploitation thereof.  As such, Plaintiff is a beneficial owner of the common law copyright, California Civil Code § 98(a)(2).

24.   Defendants' exploitation of the *Fallout 4* advertisements embodying *The Wanderer* commencing on October 19, 2016 and continuing thereafter has been without the consent of UMG and therefore constitutes common law copyright infringement in violation of Civil Code § 980(a)(2).

25.   Defendants' exploitation of the *Fallout 4* advertisements after being put on actual notice by Mitnick that ZeniMax's right to exploit *The Wanderer* had expired, constitutes conduct intended to harm Plaintiff and which is despicable borne of a willful or conscious disregard for his rights, thereby entitling him to an award of exemplary damages.

26.   As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed in a sum in excess of $75,000.00 by each Defendant.  Defendants' continued exploitation of *The Wanderer* to sell morally objectionable goods is an irreparable injury, justifying preliminary and permanent injunctive relief.

WHEREFORE, Plaintiffs pray judgment against Defendants, jointly and severally, as follows:

1.      General damages according to proof, in excess of $1,000,000.00;

2.      Exemplary damages in a sum sufficient to punish Defendants and make examples of them to others;

4.      Preliminary and permanent injunctive relief;

5.      Costs of suit;

6.      Such further relief as the Court may deem just;

///

7.      Plaintiff demands a trial by jury.

Dated: October 11, 2018

                                        Respectfully submitted,


                                        /S/

                                        STEVEN AMES BROWN
                                        Attorney for Plaintiff